**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE FRIAS, | No. 12-17107 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01867-MCE-CKD |
| v. | |
| G. MARSHALL, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted May 16, 2014
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and SELNA, District Judge.[**]

Eddie Frias, a California inmate, brought suit against a prison official,

Gerald Marshall, under 42 U.S.C. § 1983, challenging the reliability of the

evidence used by Marshall to recommend that Frias be validated as a member of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

the "Mexican Mafia" prison gang. As a result of this validation, Frias was transferred to the Secure Housing Unit ("SHU"). After the evidence was presented to the jury and before jury deliberations, the district court entered judgment as a matter of law for Marshall. Frias brought this appeal, contending that the case should have been sent to the jury because there were material contested facts.

Assuming that the "some evidence" inquiry, *see Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), was part of the procedural due process claim that Frias preserved for trial, the fact that neither the district judge nor the jury considered whether there was "some evidence," bearing "indicia of reliability," to establish that Frias was an associate of a prison gang was error under *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013). But here, as in *Castro*, remand would be "pointless," because there was "some evidence" in the record to support the determination that Frias was an associate of the gang. *Id.* (internal quotation omitted). For the same reason, we affirm the district court's holding that Marshall was entitled to qualified immunity.

To the extent that the 24-hours' notice issue was preserved for trial and not resolved in the pretrial summary judgment order, Frias failed at trial to contest Marshall's sworn testimony that Frias waived the right to notice, and on appeal,

points to no testimony sufficient to demonstrate that there was a genuine issue of material fact on this question requiring submission to the jury.

**AFFIRMED.**